02-11-019,020,031-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00019-CV

 

 


 
 
 Jeffery A. Bell and Wanda E. Bell
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Express Energy Services Operating, LP and Richard
 J. Wiggins
  
  
 
 
  
 
 
 APPELLEES
 
 


----------

 

AND

 

NO. 02-11-00020-CV

 

 


 
 
 Jeffery A. Bell and Wanda E. Bell
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Quicksilver Resources Inc., Quicksilver Gas
 Services, L.P., Quicksilver Gas Services, GP, LLC, Quicksilver Gas Services
 Operating, LLC and Quicksilver Gas Services Operating GP, LLC
 
 
  
 
 
 APPELLEES
 
 


 

----------

 

AND

 

NO. 02-11-00031-CV

 

 


 
 
 Jeffery A. Bell and Wanda E. Bell
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 MICHAEL W. BARTON
  
  
 
 
  
 
 
 APPELLEE
 
 


----------

FROM THE 271st
District Court OF Wise COUNTY

----------

MEMORANDUM
OPINION[1]

----------

On
the court=s own motion, the above causes are hereby
consolidated for purposes of disposing of these related summary judgment
appeals in a single opinion.  Each cause shall continue to bear its respective
cause number.

I.  Introduction
and Background

Appellant
Jeffery Bell was employed as a salesman for Appellee Express Energy Services
Operating, LP (Express) for approximately one month in August and September
2008.  Appellee Richard J. Wiggins, the district manager for Express, received
complaints from several of Express’s customers that they no longer wanted Bell
performing sales at their well sites.  Wiggins thus met with Bell and informed
him that he would no longer be employed by Express.  Bell and his wife,
Appellant Wanda E. Bell, then sued Express, Wiggins, and more than twenty other
defendants, alleging claims for defamation, intentional infliction of emotional
distress, civil conspiracy, gross negligence, and loss of consortium.  The
trial court granted summary judgment in favor of each defendant, and Appellants
appealed.  This opinion addresses the summary judgments granted in favor of
Express and Wiggins; Appellees Quicksilver Resources, Inc., Quicksilver Gas
Services, LP, Quicksilver Gas Services, GP, LLC, Quicksilver Gas Services
Operating, LLC, and Quicksilver Gas Services Operating GP, LLC (collectively,
Quicksilver); and Appellee Michael W. Barton (Barton).[2] 
Appellants present a single issue containing five subissues in each appeal.  We
affirm all three judgments.

II.  Standards
of Review

After
an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant’s claim or
defense.  Tex. R. Civ. P. 166a(i).  The trial court must grant the motion
unless the nonmovant produces summary judgment evidence that raises a genuine
issue of material fact.  See Tex. R. Civ. P. 166a(i) & cmt.; Hamilton
v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).

The
trial court granted summary judgment for Appellees on their no-evidence and
traditional motions for summary judgment without noting whether it was granting
the no-evidence motion or the traditional motion.  We therefore first analyze
the propriety of the summary judgments under the no-evidence standard. Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004) (explaining that when
a party moves for summary judgment under both rules 166a(c) and 166a(i), we should
review the no-evidence motion first).

III. 
Defamation

In
the first subissue in each appeal, Appellants argue that the trial court erred
by granting summary judgment for Appellees on Appellants’ claims for
defamation.  To maintain a defamation cause of action, the plaintiff must prove
that the defendant (1) published a statement, (2) that was defamatory
concerning the plaintiff, and (3) while acting with negligence, if the
plaintiff was a private individual, regarding the truth of the statement.  See
WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998), cert. denied,
526 U.S. 1051 (1999).

A.      Quicksilver

Quicksilver
argued in its motion for no-evidence summary judgment that Appellants had no
evidence that Quicksilver had made a defamatory statement.  Responding to that
ground on appeal, Appellants argue that “Quicksilver company men had called in
to Express and complained about Bell and instructed Express not to send Bell
back out to their jobsites, for reasons they ‘didn’t want to get into.’”  Appellants
also contend that Quicksilver claimed “that Bell had somehow had problems or
issues or had made misrepresentations or committed misconduct while working for
a previous employer, Premiere, Inc. or Frank’s Casing and/or that company men
did not want him on their job sites.”  To support these contentions, Appellants
direct us to a portion of Wiggins’s deposition testimony that states the
following:

Q.  Quicksilver, same question.  Who
was it at Quicksilver that told you they didn’t want Jeff Bell on-site?

A.  I couldn’t say.

Q.  Why did Quicksilver not want Jeff
Bell on-site?

A.  The only thing I was told by one
of the Quicksilver – and it was on the airport district for Quicksilver, is
that they would prefer to have a different salesman, would not disclose
anything outside of that.

Q.  Did they tell you why they didn’t
want to disclose any other reasons?

A.  No.

Q.  Did you ask them?

A.  That’s a yes.

Q.  What did they say?

A.  They’d prefer not to get into it.

Q.  Was it because it was of a
sensitive nature?

A.  I couldn’t say.

We
must decide whether the words used by the unidentified Quicksilver representative
are reasonably capable of a defamatory meaning, which is a question of law.  Musser
v. Smith Protective Serv., Inc., 723 S.W.2d 653, 655 (Tex. 1987); see
Turner v. KTRK Television, Inc., 38 S.W.3d 103, 114 (Tex. 2000).  A
statement is defamatory if it tends to injure the person’s reputation, exposing
the person to public hatred, contempt, ridicule, or financial injury, or if it tends
to impeach that person’s honesty, integrity, or virtue.  See Tex. Civ.
Prac. & Rem. Code Ann. § 73.001 (West 2011) (addressing libel).  “To
be defamatory, a statement should be derogatory, degrading, and somewhat
shocking, and contain ‘element[s] of personal disgrace.’”  Means v. ABCABCO,
Inc., 315 S.W.3d 209, 214 (Tex. App.—Austin 2010, no pet.).  When
considering whether a statement is defamatory, we construe the statement as a
whole, in light of the surrounding circumstances, based on how a person of
ordinary intelligence would perceive the entire statement.  See Musser,
723 S.W.2d at 655.

Here,
Appellants have not identified any alleged defamatory statement made by a
Quicksilver representative.  Wiggins’s deposition testimony—that excerpt being
the only evidence Appellants point to in support of their contention that
Quicksilver defamed Bell—established that the Quicksilver representative did
not say why Quicksilver did not want Bell on their job-site.  Construed in
light of the surrounding circumstances and based on how a person of ordinary
intelligence would perceive it, the statement identified by Appellants—that
Quicksilver would prefer to have a different salesman—is not defamatory as a
matter of law because it is not reasonably capable of a defamatory meaning. 
Accordingly, we hold that the trial court did not err by granting summary
judgment for Quicksilver on Appellants’ defamation claim because there is no
evidence that Quicksilver made a defamatory statement about Bell.  See
Denbury, 2012 WL 1739913, at *2.  We overrule Appellants’ first subissue in
cause 02-11-00020-CV.

B.      Barton

Barton
argued in the no-evidence part of his motion for summary judgment that
Appellants had no evidence that Barton published a statement about Bell that
was defamatory.  Responding to that ground on appeal, Appellants contend that
Barton

contacted Express and verbally instructed and advised
Express:  1) not to send Bell back out to his jobsite again and
2) the reason Barton stated that he did not want Bell on his jobsite was
because Bell had made misrepresentations to Sam Sizemore to make sales when
Bell worked as an oilfield salesman for a previous employer, Premiere, Inc.

Appellants
do not cite any portion of the record in the argument section of their brief. 
In the factual background section of their brief, Appellants include the same factual
assertion and cite to a portion of Bell’s deposition testimony.  The cited
deposition testimony, however, does not support Appellant’s assertion because
it establishes only that Bell informed Barton that Barton had said
something to Wiggins about misrepresentations to Sizemore.  When asked in his
deposition whether Wiggins knew about the supposed misrepresentations to
Sizemore before Express terminated his employment, Bell answered that he did
not know.  Moreover, Bell testified in the same deposition excerpt that Barton
did not tell Bell about anything Barton allegedly said to Wiggins before
Express terminated Bell’s employment.  The portion of Bell’s deposition
testimony upon which Appellants rely constitutes no evidence that Barton
published a statement about Bell, and Appellants do not cite us to any other
part of the summary judgment record to support this element of their defamation
claim against Barton.  See Tex. R. App. P. 38.1(g) (requiring the
appellant’s brief to contain citations to the record in support of the
contentions made); Aleman v. Ben E. Keith Co., 227 S.W.3d 304, 309 (Tex.
App.—Houston [1st Dist.] 2007, no pet.) (“In determining whether a respondent
to a no-evidence motion for summary judgment has produced sufficient evidence
to raise a genuine issue of material fact, courts are not required to search
the record without guidance.”).  Appellants have consequently failed to
identify any evidence of a defamatory statement made by Barton about Bell, and
we hold that the trial court did not err by granting summary judgment for
Barton on Appellants’ defamation claim.  We overrule Appellants’ first subissue
in cause 02-11-00031-CV.

C.      Express
and Wiggins

Express
and Wiggins asserted in the no-evidence portion of their motion for summary
judgment that Appellants could present no evidence that Express or Wiggins
published a defamatory statement about Bell.  Responding to this point on
appeal, Appellants argue that Express’s customers made defamatory statements
about Bell and that “Express published all of these defamatory statements . . .
by stating these false complaints in Jeff Bell’s termination letter that was
placed in Bell’s personnel file with Express.”  To avoid summary judgment,
however, Appellants were required to produce evidence that Express or Wiggins
published the termination letter to a third party, and Appellants have not done
so.  See Rodriguez v. NBC Bank, 5 S.W.3d 756, 766 (Tex. App.—San Antonio
1999, no pet.) (affirming summary judgment on libel claim because there was no
evidence that the employee’s notes, which recited what another person told the
employee, were ever published to a third party).  It is not enough for
Appellants that Wiggins informed Bell of what others had allegedly said to Wiggins
or that Wiggins and Express recorded the statements of others in the termination
notice without further publishing the statements to third parties.  See id.;
Baubles & Beads v. Louis Vuitton, S.A., 766 S.W.2d 377, 380 (Tex.
App.—Texarkana 1989, no writ).  Appellants do not direct us to any summary
judgment evidence that Express or Wiggins communicated the alleged defamatory
statements to any third parties.  We thus hold that the trial court did not err
by granting Express and Wiggins’s motion for summary judgment on Appellants’
defamation claim, and we overrule Appellants’ first subissue in cause
02-11-00019-CV.

IV.  Intentional Infliction
of Emotional Distress

In
the second subissue in each appeal, Appellants argue that the trial court erred
by granting summary judgment on their claims for intentional infliction of
emotional distress (IIED).  IIED is a gap-filler tort that has no application
when the conduct at issue invades some other legally protected interest.  See
Hoffmann-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004)
(stating that “[w]here the gravamen of a plaintiff’s complaint is really
another tort, intentional infliction of emotional distress should not be
available” and citing with approval three defamation cases in which IIED was
not available as an independent claim).  Appellants’ IIED claims must fail because
they are based on the same conduct as Appellants’ defamation claims against
Appellees.  See id.

Appellants
attempt to bypass this fatal deficiency by arguing that an IIED claim is
permitted “when an employee is wrongfully terminated by an employer who is
engaged in conduct ‘bordering on serious criminal acts,’” and they contend that
Appellees were engaged in an illegal kickback scheme.  However, a review of the
cases Appellants cite to support this alleged “exception” reveals that the
factual circumstances in those cases are entirely distinct from the facts of
this case.  See Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 816–18
& n.24 (Tex. 2005); Morgan v. Anthony, 27 S.W.3d 928, 930–31 (Tex. 2000);
GTE Sw. v. Bruce, 998 S.W.2d 605, 613–14, 617 (Tex. 1999).  Moreover,
Appellants have not sued Express for wrongful termination, and we fail to see
how evidence of an alleged kickback scheme somehow alters the fact that the
gravamen of Appellants’ IIED claims are the defamation claims.  Evidence of an
alleged kickback scheme has no relevance whatsoever to any element of
Appellants’ IIED claims or defamation claims, and Appellants’ cited cases do not
support their argument.  See Denbury, 2012 WL 1739913, at *4; Bennett,
2012 WL 858603, at *12.  We hold that the trial court did not err by granting
summary judgment for Appellees on Appellants’ IIED claims, and we overrule
Appellants’ second subissue in each appeal.

V.  Civil Conspiracy

In
the third subissue in each appeal, Appellants argue that the trial court erred
by granting summary judgment for Appellees on Appellants’ claims for civil
conspiracy.  Civil conspiracy is a derivative claim because a defendant’s
liability depends upon its participation in some underlying tort for which the
plaintiff seeks to hold the defendant liable.  Tilton v. Marshall, 925
S.W.2d 672, 681 (Tex. 1996).  Appellants pleaded that Appellees conspired to
defame and slander Bell.  Because the trial court properly granted summary
judgment on each of Appellants’ defamation claims, Appellees cannot be liable
for the derivative tort of civil conspiracy with respect to those claims.  See
id.  Appellants additionally contend that Appellees conspired to get Bell
fired because he would not participate in an ongoing kickback scheme, but
Appellants did not plead the kickback scheme as the basis of any type of
independent tort or cause of action that would support their derivative claims
for civil conspiracy.  See Denbury, 2012 WL 1739913, at *5; Bennett,
2012 WL 858603, at *13.  Accordingly, we overrule Appellants’ third subissue in
each appeal.

VI.  Gross Negligence

In
the fourth subissue in each appeal, Appellants argue that the trial court erred
by granting summary judgment for Appellees on Appellants’ claims for gross
negligence.  Appellants’ gross negligence cause of action is premised, however,
on their defamation, IIED, and civil conspiracy claims, and we have affirmed
the trial court’s grant of summary judgment as to each of those causes of
action against each Appellee.  Thus, there is no evidence or “underlying basis”
upon which Appellants rely to support their gross negligence claims.  See Denbury,
2012 WL 1739913, at *5; Bennett, 2012 WL 858603, at *14.  Accordingly,
the trial court did not err by granting summary judgment on Appellants’ claims
for gross negligence.  We overrule Appellants’ fourth subissue in each appeal.

VII.  Loss
of Consortium

In
the fifth subissue in each appeal, Appellants argue that the trial court erred
by granting summary judgment for Appellees on Wanda’s claims for loss of
consortium.  Wanda’s claims for loss of consortium are derivative of Bell’s
claims against Appellees.  See Motor Express, Inc. v. Rodriguez,
925 S.W.2d 638, 640 (Tex. 1996).  Because summary judgment was proper for
Appellees on all of Appellants’ pleaded causes of action, Wanda’s derivative
loss of consortium claims likewise fail.  See id.; Denbury, 2012
WL 1739913, at *5; Bennett, 2012 WL 858603, at *14.  We thus overrule
Appellants’ fifth subissue in each appeal.

VIII.  Conclusion

Having
overruled all of Appellants’ subissues in each appeal, we overrule Appellants’
overarching issue in each appeal and affirm the trial court’s judgments.

 

PER CURIAM

 

 

PANEL: 
GARDNER,
WALKER, and MEIER, JJ.

 

DELIVERED:  June 7, 2012









[1]See Tex. R. App. P. 47.4.





[2]This court has issued two
prior opinions deciding Appellants’ six other appeals from the trial court’s
summary judgments.  See Bell v. Denbury Res., Inc., Nos. 02-11-00007-CV,
02-11-00017-CV, 02-11-00018-CV, 2012 WL 1739913 (Tex. App.—Fort Worth May 17,
2012, no pet. h.) (mem. op.) (hereinafter, Denbury); Bell v. Bennett,
Nos. 02-10-00481-CV, 02-11-00057-CV, 02-11-00063-CV, 2012 WL  858603 (Tex.
App.—Fort Worth Mar. 15, 2012, no pet.) (mem. op.) (hereinafter, Bennett).