# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00426-CV

**Bertha Means and Harlem Cab Company d/b/a Austin Cab, Appellants**

**v.**

**ABCABCO, Inc. d/b/a Lone Star Cab Co., and Solomon Kassa, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-07-001106, HONORABLE PAUL R. DAVIS JR., JUDGE PRESIDING

## O P I N I O N

Bertha Means and Harlem Cab Company d/b/a Austin Cab (collectively, "Austin Cab") sued ABCABCO, Inc. d/b/a Lone Star Cab Co. and Solomon Kassa (collectively, "Kassa") for slander and several other claims based on allegedly defamatory comments Kassa made regarding Austin Cab. The trial court granted Kassa's no-evidence motion for summary judgment on Austin Cab's claims on the ground that Kassa's statements were not defamatory. Austin Cab's single point of error on appeal is that the trial court erred in granting summary judgment as to Austin Cab's claim for slander. Because we hold that the statements are not defamatory as a matter of law, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Kassa worked as a taxicab driver for Austin Cab as an independent contractor between 1998 and 2003. While he was driving for Austin Cab, Kassa formed his own cab company,

Lone Star Cab, and began efforts to gain a taxicab franchise from the City of Austin. At the time, only three cab companies held franchises, but the City was considering granting an additional franchise. As part of his efforts, Kassa appeared at City of Austin committee and council meetings to advocate on behalf of his cab company. Meanwhile, Kassa's relationship with Austin Cab ended in May 2003 when Austin Cab terminated his contract because of Kassa's repeated failure to comply with certain contractual terms. Kassa told others, however, that Austin Cab had terminated his contract because he had started his own cab company and was trying to gain a franchise to compete with Austin Cab.[1] Specifically, at an April 5, 2007 Austin City Council meeting at which the award of a new taxicab franchise was under consideration, Doug Young, Kassa's attorney and agent, made the following comments:

> I do want to point out . . . that you are not going to see a lot of the drivers from Lone Star and here's why, you will hear from Solomon [Kassa], one of the officers of Lone Star. He has been the public face since 2003. The first time he talked at an Urban Transportation Committee in 2003, his contract with one of the three existing cab companies was summarily terminated within days of his appearance at that meeting. . . . The point was made to the drivers, if you are currently a driver for one of the existing companies and it's no secret that the existing companies have all been on the record and the Urban Transportation Commission and I think they will be before you today, that they favor Mr. Fodo, their subcontractor for the award of this franchise. It's not safe for Lone Star's drivers to come and advocate for Lone Star today.

Six days after these comments, Austin Cab sued Kassa for declaratory judgment, tortious interference, libel, slander and defamation, and business disparagement. Austin Cab's claims were based on the statements made by Kassa or his agent regarding the reasons Austin Cab

---

[1] Austin Cab maintains that Kassa's efforts to gain a competing taxicab franchise were not a factor in the termination of the contract and that the sole reason for termination was his failure to pay a deposit required by the contract. Kassa does not dispute the basis for his termination.

terminated its contract with Kassa, including the agent's April 5, 2007 statement to the Austin City Council. After a short time for discovery, Kassa filed a no-evidence motion for summary judgment as to each of Austin Cab's claims, arguing that Austin Cab had no evidence that: (1) the statements were defamatory, (2) the statements were false, (3) the statements were directed at Austin Cab, (4) Austin Cab suffered actual damages, (5) the statements constitute defamation per se, (6) the statements constitute slander per se, (7) the statements were published within one year of the date suit was filed, and (8) the statements were published maliciously. Austin Cab filed a response to Kassa's motion, attaching both documentary and testimonial evidence, and amended its pleadings to add claims for reckless infliction of emotional distress and negligence. After a hearing on Kassa's motion, the trial court rendered partial summary judgment as to Austin Cab's claims for declaratory judgment, tortious interference, libel, slander and defamation, and business disparagement on the ground that the April 5, 2007 statement to the Austin City Council was not defamatory.

Austin Cab next filed a motion to modify or vacate the trial court's partial summary judgment, and Kassa filed a motion for no-evidence summary judgment as to Austin Cab's remaining claims. After examining the pleadings and hearing argument from counsel on Austin Cab's motion to modify or vacate and Kassa's second motion for summary judgment, the trial court modified the previous partial summary judgment "to reflect that [Kassa's] Motion for Summary Judgment is granted solely as to the statements made by [Kassa's agent] but further finds that said statements are not defamatory and that the Motion to Vacate Summary Judgment is denied." The trial court then addressed Kassa's second motion for summary judgment and granted it "as to any and all other allegedly defamatory statements that were made by or attributed to" Kassa and dismissed all of Austin Cab's remaining claims without specifying the grounds relied on for its

3

ruling. Austin Cab's single point of error on appeal is that the district court erred in granting Kassa's motion for summary judgment on the slander claim stemming from Kassa's April 5, 2007 statement to the Austin City Council. Austin Cab does not appeal the trial court's dismissal of its other claims.

## STANDARD OF REVIEW

We review summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Under the "no-evidence" rule 166a(i) standard, a defendant may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the plaintiff would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is essentially a pre-trial directed verdict and we apply the same legal-sufficiency standard. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750 (Tex. 2003). We review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* at 751. We will affirm a no-evidence summary judgment if the non-movant fails to produce more than a scintilla of probative evidence raising a genuine issue of fact as to an essential element of a claim on which the non-movant would have the burden of proof at trial. *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). More than a scintilla of evidence exists when reasonable and fair-minded people could differ in their conclusions based on that evidence. *Forbes, Inc. v. Granada Biosciences*, 124 S.W.3d 167, 172 (Tex. 2003).

## DISCUSSION

Austin Cab contends that Kassa's statement to the Austin City Council is slander because it accuses Austin Cab of firing Kassa for trying to compete with Austin Cab. To prove a

4

cause of action for slander, a plaintiff must prove that the defendant orally communicated a defamatory statement to a third person without justification or excuse. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). The issue for our determination is whether the words used by Kassa's agent are "reasonably capable of a defamatory meaning." *Musser v. Smith Protective Serv., Inc.,* 723 S.W.2d 653, 655 (Tex. 1987). Because Kassa's words are unambiguous, this determination is a question of law for the court. *Id.*

### *Proper Use of No-Evidence Summary Judgment*

Before we reach the issue of whether the statement is defamatory, we address *sua sponte* whether it was proper for the trial court to grant a no-evidence summary judgment on a question of law. Questions of law are proper subjects of traditional motions for summary judgment, *see, e.g.*, *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655-56 (Tex. 1989), but Kassa raised the issue in a no-evidence motion for summary judgment and the trial court granted summary judgment on that ground. The Dallas Court of Appeals has held that purely legal issues can never be the subject of a no-evidence motion for summary judgment. *Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 194 (Tex. App.—Dallas 2000, pet. dism'd w.o.j.); *but see Cone v. Fagadau Energy Corp.*, 68 S.W.3d 147, 156 (Tex. App.—Eastland 2001, no pet.) (holding that purely legal issue may be addressed as part of no-evidence summary judgment). *Harrill*, however, cites no authority for its bright-line proposition, nor does the court offer reasoning to support its conclusion. *Harrill*, 27 S.W.3d at 194. Furthermore, *Harrill* is distinguishable because the motion for summary judgment there involved a movant who had the burden of proof on the legal issue. *Id.*; *see also* Tex. R. Civ. P. 166a(i) (movant cannot have burden of proof on subject of no-evidence summary judgment).

The purpose of summary judgment is to permit the trial court to promptly dispose of cases that involve unmeritorious claims or untenable defenses. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979); *see also Gaines v. Hamman*, 358 S.W.2d 557, 563 (Tex. 1962) (summary judgment "provide[s] a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact"). Likewise, the no-evidence summary judgment allows a court to "pierce the pleadings" and evaluate the evidence to see if there is a genuine need for trial. *Benitz v. Gould Group*, 27 S.W.3d 109, 112 (Tex. App.—San Antonio 2000, no pet.). In the absence of an articulated reason or further support, we decline to follow *Harrill*'s lead and instead review the legal issue on appeal to determine if it was properly presented to the trial court and is susceptible to review under no-evidence summary-judgment standards.

Kassa's no-evidence motion asserted that Austin Cab could not produce any evidence of a defamatory statement, which is an element of Austin Cab's slander claim. *See Randall's Food Markets, Inc.*, 891 S.W.2d at 646. Kassa's motion meets the requirements of Rule 166a(i). *See* Tex. R. Civ. P. 166a(i). To defeat Kassa's motion, Austin Cab had to present evidence raising a genuine issue of material fact regarding the existence of a defamatory statement. *Id.* Austin Cab produced a transcript of the statement and witness affidavits regarding the effect of the statement on those who heard it. After reviewing the evidence, the trial court found that the statement was not defamatory. If the statement produced by Austin Cab as evidence of a defamatory statement is not capable of defamatory meaning as a matter of law, then, logically, Austin Cab failed to produce evidence of a defamatory statement. Thus, summary judgment was proper. *See King Ranch*, 118 S.W.3d at 751 (no-evidence summary judgment should be sustained when there is complete absence of evidence

6

of vital fact). Because the question of defamatory meaning was presented to the trial court within the framework of rule 166a(i) and because it is subject to a proper analysis under the no-evidence summary-judgment standards, we hold that it was not improper for the trial court to consider this legal issue under a no-evidence motion for summary judgment.

## *Analysis of Statement*

Next we address de novo whether the words used by Kassa's agent were reasonably capable of a defamatory meaning. *See Musser,* 723 S.W.2d at 654. We construe as a matter of law language that is unambiguous on its face and find it not actionable if it lacks defamatory meaning. *See Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989); *Musser,* 723 S.W.2d at 655 (if ambiguous, trier-of-fact must determine statement's meaning and effect on listener). When considering whether a statement is defamatory, we construe the statement as a whole, in light of the surrounding circumstances, based on how a person of ordinary intelligence would perceive the entire statement. *Id.*

A statement is defamatory if it tends to injure the person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury, or if it tends to impeach that person's honesty, integrity, or virtue. *See* Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (West 2005) (libel); Restatement (Second) of Torts § 559 (1977) (defamation). A communication that is merely unflattering, abusive, annoying, irksome, or embarrassing, or that hurts only the plaintiff's feelings, however, is not actionable. *H.O. Merren & Co., Ltd. v. A. H. Belo Corp.*, 228 F. Supp. 515, 517 (N.D. Tex. 1964), *aff'd*, 346 F.2d 568 (5th Cir. 1965); *Rawlins v. McKee*, 327 S.W.2d 633, 635 (Tex. Civ. App.—Texarkana 1959, writ ref'd n.r.e.); *see also* 1 Robert D. Sack, *Sack on Defamation* 2-12 (3d ed. 2009). To be defamatory, a statement should be derogatory, degrading, and

7

somewhat shocking, and contain "element[s] of personal disgrace." Sack, *supra* at 2-17 (quoting

W. Page Keeton, *et al.*, *Prosser & Keeton on the Law of Torts* § 111 (5th ed. 1984)). Thus, it is not

defamatory to accuse a person of doing that which he has a legal right to do. *Associated Press*

*v. Cook*, 17 S.W.3d 447, 456 n.8 (Tex. App.—Houston [1st Dist.] 2000, no pet.) ("[E]xercising a

legal right is not defamatory as a matter of law."); *see also Musser*, 723 S.W.2d at 655 (accusing

someone of doing that which they had right to do is not defamatory).

The statement in this case was made at an Austin City Council meeting during public

comments regarding the award of a new taxicab franchise by the City. The speaker was advocating

on behalf of Kassa to encourage the Austin City Council to award the franchise to Kassa's cab

company. The unambiguous meaning of Kassa's statement and, in fact, the meaning ascribed to it

by Austin Cab, is that Austin Cab terminated Kassa's contract as soon as it found out that Kassa was

seeking the award of a taxicab franchise that would compete with Austin Cab.[2] The statement does

not suggest some wrongful or unethical conduct by Austin Cab. It does not suggest that Austin Cab

violated a law or the term of a contract or that Austin Cab breached its contractual obligations.

What it does state is that Austin Cab terminated its contract with Kassa because he was

supporting a competitor.

The ability to terminate a contract is a legal and ethical option often available to

parties to a contract. *See, e.g.*, Tex. Bus. & Com. Code Ann. § 2.10(c) (West 2009) ("'Termination'

occurs when either party pursuant to a power created by agreement or law puts an end to the contract

otherwise than for its breach."). It is similar to the right of an employer or an employee to terminate

---

[2] Although we do not necessarily agree that "one of the existing companies" refers to either appellant as Austin Cab asserts, we assume it does for purposes of review because our finding that the statement is not defamatory is dispositive of the appeal.

the employment relationship at any time, with or without cause, absent agreement to the contrary. *See County of Dallas v. Wiland*, 216 S.W.3d 344, 347 (Tex. 2007). For the same reasons, the suggestion that the action was retaliation for Kassa's support of a competitor does not make the statement defamatory. The decision to terminate a contract or to fire an employee because the contractor or employee actively supports a competitor is an option available to a business absent agreement to the contrary. Businesses in a free-enterprise system are expected to protect and promote their best interests. *See Wilkow v. Forbes, Inc.*, 241 F.3d 552, 557 (7th Cir. 2001) ("[S]edulous pursuit of self-interest is the engine that propels a market economy."). These are business decisions, and, like other business decisions, they are made in the context of the free enterprise system where competition is expected. *Musser,* 723 S.W.2d at 655.

Although Austin Cab finds Kassa's statement insulting and offensive, the statement lacks the element of disgrace or wrongdoing necessary for slander. Kassa's agent did nothing more than accuse Austin Cab of doing that which it had a legal right to do; thus, Kassa's statement is not defamatory. *Cf. Musser*, 723 S.W.2d at 655 (statement that former employee "relieved" his former employer of some of its accounts is not defamatory because it does not accuse employee of anything other than competitiveness); *Cook*, 17 S.W.3d at 456 n.8 (statement that person invoked Fifth Amendment right is not defamatory as matter of law); *San Antonio Express News v. Dracos,* 922 S.W.2d 242, 248 (Tex. App.—San Antonio 1996, no writ) (statement that employee "walked off the job . . . without any excuse" is not defamatory because it does not suggest he did anything illegal or unethical); *Einhorn v. LaChance*, 823 S.W.2d 405, 411 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.) (statement that someone was "attempting to form a union" is not defamatory despite prejudice against unions); *Taylor v. Houston Chronicle Publ'g Co.*, 473 S.W.2d

550, 554 (Tex. Civ. App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.) (statement that coach refused to do his job unless player was traded is not defamatory because he had right to do so); *Herald-Post Publ'g Co. v. Hervey*, 282 S.W.2d 410, 415 (Tex. Civ. App.—El Paso 1955, writ ref'd n.r.e.) (statement that mayor changed city's retirement plan to get rid of one employee is not defamatory because mayor and council had right to formulate retirement plan as they saw fit).

Based on our review of the statement in light of the circumstances in which it was made, we hold that it is not defamatory as a matter of law. Because the statement is not defamatory as a matter of law, Austin Cab produced no evidence of a defamatory statement and the trial court properly granted Kassa's no-evidence motion for summary judgment as to Austin Cab's claim for slander. We therefore overrule Austin Cab's sole issue on appeal.

## CONCLUSION

Having overruled Austin Cab's sole issue, we affirm the trial court's order.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   June 3, 2010