# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00243-CV

Dennis Freiheit, Appellant

v.

Tiffany Stubbings and TEKSystems, Inc., Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GN-10-002817, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## MEMORANDUM OPINION

Appellant Dennis Freiheit appeals from a summary judgment granted in favor of appellees Tiffany Stubbings and TEKSystems, Inc., on Freiheit's defamation claims. For the reasons set forth below, we affirm the district court's judgment.

## Background

In late 2009, Freiheit began working for the Texas Department of Public Safety as an independent contractor through Titan Solutions, Inc., an information-technology staffing firm that contracted with DPS to develop software for that agency. Stubbings, who was an employee of a different information technology staffing firm that also contracted with DPS, TEKSystems, worked on the same DPS software project as Freiheit. Titan fired Freiheit in June 2010.

Believing that he had been fired because Stubbings had made false and "derogatory" statements about him to DPS management, Freiheit filed this suit asserting claims

for "defamation/slander" and defamation per se.[1]  Freiheit alleged that Stubbings had told DPS that (1) "[Freiheit] made insulting remarks concerning Defendant Stubbings' immigrant husband" and (2) "[Freiheit] refused to work with foreign individuals who did not speak perfect English."  After discovery by both parties, Stubbings and TEKSystems filed a traditional and no-evidence motion for summary judgment challenging Freiheit's defamation claims on various grounds, including that the statements were not capable of a defamatory meaning and, even if they were capable of a defamatory meaning, the statements were true.  The district court granted the motion without specifying the grounds and dismissed Freiheit's case.  It is from this final judgment that Freiheit now appeals.

**Standard of review**

The standards for reviewing a motion for summary judgment are well established: the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *see* Tex. R. Civ. P. 166a(c).  When, as here, the district court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, we may affirm the summary judgment if any of the grounds advanced by the movant are meritorious.  *See*

---

[1]  Freiheit also asserted claims for tortious interference with an existing contract and tortious interference with prospective business relations, but these claims were dismissed by the district court in an earlier summary judgment that Freiheit does not challenge.

*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

## Analysis

As best we can construe Freiheit's briefing, he challenges the district court's grant of summary judgment in two issues. First, he argues that the alleged statements made by Stubbings—i.e., that Freiheit insulted her immigrant husband and that Freiheit said he would not work with foreigners who did not speak perfect English—are defamatory as a matter of law. In the second, Freiheit argues that the summary-judgment evidence presented to the district court raised questions of fact that preclude summary judgment.[2]

### Defamatory meaning

The initial question for determination in a defamation suit is whether the words used are reasonably capable of a defamatory meaning. *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 654–55 (Tex. 1987). A statement is defamatory if it tends to injure a person's reputation "and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach that person's honesty, integrity, virtue, or reputation." Tex. Civ. Prac. & Rem. Code § 73.001 (describing libel); *Means v. ABCABCO, Inc.*, 315 S.W.3d 209, 214 (Tex. App.—Austin

---

[2] Freiheit also argues, in what he characterizes as a second issue, that the district court misapplied the "sham affidavit" doctrine in deciding the motion for summary judgment. However, in addition to the fact that the district court did not specify the grounds on which it relied, we would note that whether Freiheit's affidavit is a "sham affidavit"—i.e., whether it raises a question of fact to defeat summary judgment—and its effect here is a matter subsumed within our determination of whether any issues of material fact exist to preclude summary judgment.

2010, no pet.); *see Hancock v. Variyam*, 400 S.W.3d 59, 62 (Tex. 2013) (describing defamatory statement as one that "tends to injure a person's reputation"); Restatement (Second) of Torts § 559 (1977) ("A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."). Whether a statement is defamatory is a question of law that we review de novo. *See Hancock*, 400 S.W.3d at 66 (citing *Musser*, 723 S.W.2d at 654–55 (noting that "the initial question for determination is a question of law to be decided by the trial court: were the words used reasonably capable of defamatory meaning")). In doing so, the "allegedly libelous statements must be construed as a whole, in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement." *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989); *id.*

According to Freiheit's live pleading and his summary-judgment evidence, Stubbings told DPS management that—

- Freiheit "insulted Stubbings's immigrant husband" by asking about the husband's immigration status and, upon learning that he was still a British citizen, asking if she knew her husband could be deported; and

- Freiheit "refused to work with foreign individuals who did not speak perfect English."

Freiheit maintains that the above statements are defamatory because they imply that Freiheit does not get along with co-workers; that he is biased against "foreigners"; that he will not work with "immigrant" co-workers; and that he is a racist.

4

Construing these statements as a whole in light of the surrounding circumstances, *see Musser*, 723 S.W.2d at 655, an ordinary person would think that Freiheit believes that immigrants to this country who do not become naturalized risk possible deportation. They would also think that Freiheit does not like to work with people who have strong accents, probably because he has trouble understanding them, but possibly because he only works with people who speak "perfect English." But a person of ordinary intelligence would have no reason to think, based on these statements alone and without making further inferences outside the surrounding circumstances, that Freiheit is a racist, opposed to immigration, biased against foreigners, or that he does not get along with co-workers.

First, there is nothing in the statements regarding race. There is nothing that suggests that Freiheit's comment is race based or national-origin based. Likewise, there is nothing in the statements that suggests that Freiheit is anti-immigration. The statements could be understood by a person of ordinary intelligence to mean just the opposite, in fact, as urging naturalization and preferring language assimilation. While Freiheit may have drawn unflattering, abusive, annoying, irksome, or even embarrassing inferences from the one statement because it suggests that he will not work with anyone who does not speak "perfect English," it does not rise to the level of being "derogatory, degrading, and somewhat shocking and contain 'element[s] of personal disgrace.'" *Means*, 315 S.W.3d at 214 (quoting 1 Robert D. Sack, *Sack on Defamation* 2–17 (3d ed. 2009) quoting W. Page Keeton, et al., Prosser & Keeton on the Law of Torts § 111 (5th ed.1984)). Further, the statements do not charge Freiheit with a crime, violation of any law, or of any unethical acts. *See Musser*, 723 S.W.2d at 655. They do not impugn his honesty, integrity, virtue, or reputation. *See* Tex. Civ. Prac. & Rem. Code § 73.001 (describing libel); *Means*, 315 S.W.3d at 214. At most,

5

a person of ordinary intelligence is likely to think, after disregarding at least an element of the comment as hyperbole given that there is no such thing as "perfect English," that Freiheit is frustrated by people who have accents different from his own.

We overrule Freiheit's first issue. Having determined that the district court's summary judgment dismissing Freiheit's claims was proper on at least one of the grounds asserted in the motion for summary judgment, we need not address Freiheit's remaining issues. *See Merriman*, 407 S.W.3d at 248; *C.W. 100 Louis Henna, Ltd. v. El Chico Restaurants of Texas, L.P.*, 295 S.W.3d 748, 757 (Tex. App.—Austin 2009, no pet.).

## Conclusion

We affirm the district court's judgment.

_____
Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: December 31, 2014

6