

**NUMBER 13-19-00225-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI ‑ EDINBURG**

---

**DIANA IZAGUIRRE,**                                                                                    **Appellant,**

**v.**

**JOE LOUIS AGUILAR,**

                                                                                                                **Appellee.**

---

**On appeal from the 332nd District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Tijerina**

This is an accelerated interlocutory appeal from the trial court's order denying appellant Diana Izaguirre's motion to dismiss pursuant to the Texas Citizens Participation Act ("TCPA"). *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001–.011. By one issue, Izaguirre asserts appellee Joe Aguilar failed to establish by clear and specific evidence that the statement attributed to Izaguirre was defamatory. We reverse and

remand.[1]

## I.   BACKGROUND

Aguilar was the former general manager of Hidalgo County Irrigation District No. 6 (HCID). Izaguirre is the president of the HCID board.

On January 13, 2019, Aguilar sued Izaguirre for slander. In his complaint, Aguilar set out that on September 16, 2018, the HCID board held a special meeting to discuss terminating Aguilar's employment with HCID. However, at the special board meeting, Aguilar resigned from his employment "effective immediately" and the board accepted his resignation. It is undisputed that following the board meeting, Izaguirre attended a social event that evening wherein she apologized to her dining companions for being late, stating that she was "at a board meeting," where she "had to fire Joe Aguilar." According to Aguilar, several people questioned his wife about the "firing" that evening. Aguilar asserted that "[a]s a result of Izaguirre's slanderous statement [that she had to fire him], Aguilar's marriage suffered and his good reputation in the community was tarnished, as people were led to believe Aguilar had been fired from his job."

Izaguirre responded generally denying the allegations and thereafter filed a motion to dismiss under the TCPA, claiming that (1) Aguilar's suit should be dismissed because he failed to establish the elements of his defamation claim by clear and specific evidence, and (2) to the extent Aguilar met his burden, Izaguirre established the affirmative defense

---

[1] This TCPA case is decided under the version of the statute in effect before the September 1, 2019 amendments. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687 (providing that the amendments apply only to an action filed on or after September 1, 2019).

of substantial truth. As evidence, Izaguirre attached: (1) an affidavit wherein a HCID board member discussed Aguilar's termination, and (2) a "Charge of Discrimination" form that Aguilar submitted to the Texas Workforce Commission on Civil Rights Division, wherein he stated under penalty of perjury that he had been "terminated" from his position. Aguilar responded asserting that (1) Izaguirre could not rely on the TCPA because she did not admit she published the statements at issue; (2) the TCPA was inapplicable because the suit did not infringe on her constitutional rights; and (3) Aguilar established a prima facie case.

Following a hearing, the trial court denied Izaguirre's motion to dismiss. This interlocutory appeal followed. *See id.* § 27.008(a).

## II. TCPA

By her sole issue, Izaguirre argues that Aguilar failed to meet the elements for slander or slander per se because Aguilar produced no evidence that Izaguirre's statement was defamatory.[2] Consequently, the trial court should have granted her motion to dismiss under the TCPA.

## A. Standard of Review and Applicable Law

We review de novo a trial court's ruling on a TCPA motion to dismiss. *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). In conducting our review, we

---

[2] Alternatively, Izaguirre argued that the trial court erred in denying her motion to dismiss because as a public official, Aguilar's suit concerned a communication in connection with a "matter of public concern" and Izaguirre's "exercise of the right to petition." Therefore, Aguilar failed to show the statement was: (1) false, or not substantially true; (2) defamatory; and (3) published with malice. We need not address this alternative argument as it is not dispositive. *See* TEX. R. APP. P. 47.1.

3

consider the pleadings and evidence in a light favorable to the nonmovant. *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied).

The TCPA is an anti-SLAPP law; "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Fawcett v. Grosu*, 498 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (op. on reh'g). The TCPA is intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002; *Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 859 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The TCPA "protects citizens from retaliatory lawsuits that seek to intimidate or silence them" from exercising their First Amendment freedoms and provides a procedure for the "expedited dismissal of such suits." *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015). We construe the TCPA liberally to effectuate its purpose and intent fully. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(a).

The TCPA establishes a mechanism for summary dismissal of lawsuits that unacceptably threaten the rights of free speech, the right to petition, or the right of association*. See Lipsky*, 460 S.W.3d at 589; *Fawcett,* 498 S.W.3d at 655. A defendant invoking the act's protections must show first, by a preponderance of the evidence, that

4

the plaintiff's legal action is "based on, relates to, or is in response to" the defendant's exercise of one or more of the enumerated rights. *Lipsky*, 460 S.W.3d at 586. If the defendant makes the initial showing, the burden shifts to the plaintiff to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. *See id.* at 587. "Prima facie case" refers to the quantum of evidence required to satisfy the nonmovant's minimum factual burden and generally refers to the amount of evidence that is sufficient as a matter of law to support a rational inference that an allegation of fact is true. *See id.* at 590.

The evidence offered to support a prima facie case must be "clear and specific." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam). Clear and specific evidence means that the nonmovant must provide enough detail to show the factual basis for its claim. *Id.* at 904. If the movant's constitutional rights are implicated and the nonmovant has not met the required showing of a prima facie case, the trial court must dismiss the nonmovant's claim. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005. The trial court considers "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a).

## B.    Defamation

To be considered slander per se, the statement must (1) impute the commission of a crime; (2) impute contraction of a loathsome disease; (3) cause injury to a person's office, business, profession, or calling; or (4) impute sexual misconduct. *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.). "Slander is a

defamatory statement that is orally communicated or published to a third person without legal excuse." *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).

"The threshold issue of whether the words used are capable of a defamatory meaning is a question of law for the court." *Columbia Valley Reg'l Med. Ctr. v. Bannert*, 112 S.W.3d 193, 199 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). We construe the statement as a whole in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement. *Id.* at 198. Further, we view the statements in their context, and they may be false, abusive, unpleasant, or objectionable to the plaintiff but still not be defamatory in light of the surrounding circumstances. *Id.* Only when we determine that "the language is ambiguous or of doubtful import should a jury then determine the statement's meaning and the effect the statement's publication has on the ordinary reader." *Id.*; *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 654 (Tex. 1987). A statement is ambiguous if "there is a question whether the hearer could reasonably understand the statement in a defamatory sense." *Bannert*, 112 S.W.3d at 198.

### III. DISCUSSION

First, Izaguirre contends that Aguilar filed suit in response to her exercise of her right to petition while Aguilar maintains the TCPA is inapplicable to her claim.

### A. Exercise of the Right to Petition

Pursuant to the TCPA, speech concerning "a communication in or pertaining to . . . a proceeding of a governing body of any political subdivision" is an exercise of one's right

6

to petition. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(vii). "A communication in or pertaining to . . . a communication in connection with an issue under consideration or review by . . . a governmental body . . . or an official proceeding" is also speech exercising one's right to petition. *See id.* § 27.001(4)(B). Aguilar asserts that Izaguirre told her dining companions she was late to the party because she was at a HCID board meeting where she had to fire Aguilar. Thus, based on Aguilar's allegation, Izaguirre's statement concerned a communication "pertaining to" "a proceeding of a governing body"—actions that previously transpired at a HCID board meeting, and the parties do not dispute that the HCID board is a governmental body. *See Kirby Lake Dev., Ltd. v. Clear Lake Water Auth.*, 320 S.W.3d 829, 836 (Tex. 2010) ("Water control and improvement districts are valid and existing governmental agencies and bodies politic.") (internal quotations omitted).

Nonetheless, Aguilar argues that "Izaguirre was not exercising her right to petition because her slanderous statement was not made at the [board] meeting." However, the TCPA contains no such requirements. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(vii). He also argues that "Izaguirre is addressing Aguilar's employment status[,] not directing speech toward the government." But the TCPA does not require that a communication be made *at* a governmental proceeding or that a communication be directed toward the government. *See id.* Moreover, Aguilar's employment status is precisely why the HCID board held a special meeting on September 16, 2018, and Aguilar concedes that "the meeting in which Aguilar tendered his resignation as employee of the

7

[HCID] was done in open session . . . ." *See id.* § 27.001(4)(A)(B) (providing that communication in connection with an issue under consideration by a governmental body is an exercise of the "right to petition"). Therefore, we conclude that Izaguirre was exercising her right to petition, and the TCPA applies. *See id.*

We next address the second step—whether Aguilar met his burden of "establishing by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). In making this determination, we consider the pleadings and any supporting and opposing affidavits. *Lipsky*, 460 S.W.3d at 587.

## B.    Aguilar's Prima Facie Burden

In his pleading, Aguilar alleges that Izaguirre's statement that she fired him is slanderous per se because the statement accused him of lacking the necessary skills for the proper conduct of irrigation manager. However, courts have consistently held that stating someone was terminated or fired from his position, without more, does not rise to actionable defamation. *See Einhorn v. LaChance*, 823 S.W.2d 405, 410 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.) (finding the statement that an employee was fired for reasons relating "solely to work performance" was nonspecific and was not capable of defamatory meaning); *see also Henriquez v. Cemex Mgmt, Inc.*, 177 S.W.3d 241, 252 (Tex. App.—Houston [1st Dist.], 2005 pet. denied) ("[T]hese statements did not contain specific reasons as to why Henriquez was being fired. Thus, they cannot be considered defamatory as a matter of law."); *Ferguson v. Hilton Hotels Corp.*, No. CIV.A. H–09–4114, 2011 WL 1485680, at *7 (S.D. Tex. Apr. 19, 2011) ("Any statements that

8

Hilton made to the EEOC about Ferguson being fired were not capable of defamatory meaning because a statement that an employee was fired based on work performance is nonspecific and not reasonably capable of defamatory meaning.").

For example, in *Bedford*, the supreme court stated that "[d]isparagement of a general character, equally discreditable to all persons, is not enough [to be defamatory] unless the particular quality disparaged is of such a character that it is peculiarly valuable in the plaintiff's business or profession." 520 S.W.3d at 905. That logic applies here as well. Izaguirre's statement that she "had to fire Aguilar" does not suggest some wrongful or unethical conduct by Aguilar, and it does not accuse Aguilar of lacking a peculiar or unique skill that is necessary to be the general manager of a water district. *See id.*; *Hancock v. Variyam*, 400 S.W.3d 59, 67 (Tex. 2013) ("[T]he proper inquiry is whether a defamatory statement accuses a professional of lacking a peculiar or unique skill that is necessary for the proper conduct of the profession"); *San Antonio Express News v. Dracos*, 922 S.W.2d 242, 248 (Tex. App.—San Antonio 1996, no writ) (statement that employee "walked off the job . . . without any excuse" is not defamatory because it does not suggest he did anything illegal or unethical). Thus, the statement cannot cause injury to Aguilar's profession. *See Moore*, 166 S.W.3d at 384.

Although Aguilar may find Izaguirre's statement that she fired him insulting and offensive, "the statement lacks the element of disgrace or wrongdoing necessary" for defamation. *Means v. ABCABCO, Inc.*, 315 S.W.3d 209, 215 (Tex. App.—Austin 2010, no pet.); *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d

345, 356 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("To qualify as defamatory, a statement should be derogatory, degrading, somewhat shocking, and contain elements of disgrace."). Construing Izaguirre's statement as a whole, in light of the surrounding circumstances, based on how a person of ordinary intelligence would perceive the entire statement, we hold that the statement is neither disparaging nor defamatory.[3] We sustain Izaguirre's first issue.

## IV. ATTORNEY'S FEES

Because we concluded that Aguilar did not provide "clear and specific" evidence of his claim for defamation, the trial court should have granted Izaguirre's motion to dismiss under the TCPA. The trial court shall therefore award Izaguirre "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a). Having sustained Izaguirre's issue after determining that she was entitled to dismissal under the TCPA, we remand this case to the trial court for a determination of costs, attorney's fees and other expenses, if any, as authorized under § 27.009(a). *See Bedford*, 520 S.W.3d at 906 (reversing judgment as to the libel claim and remanding to the trial court with instructions to dismiss the libel claim and award attorney's fees under the TCPA); *Schimmel v. McGregor*, 438 S.W.3d 847, 862 (Tex. App.—Houston [1st Dist.]

---

[3] Moreover, accusing someone of doing that which they had the right to do is not defamatory. Aguilar merely accuses Izaguirre of doing that which the board was legally entitled to do and planned on doing at the special board meeting—end Aguilar's employment with HCID. *See Means v. ABCABCO, Inc.*, 315 S.W.3d 209, 214 (Tex. App.—Austin 2010, no pet.) ("Thus, it is not defamatory to accuse a person of doing that which he has a legal right to do."); *Associated Press v. Cook*, 17 S.W.3d 447, 456 n. 8 (Tex. App.—Houston [1st Dist.] 2000, no pet.) ("[E]xercising a legal right is not defamatory as a matter of law.").

2014, pet. denied) (holding that the proper disposition when the trial court erroneously denies a dismissal under the TCPA is to reverse and remand for § 27.009(a) award).

**V.      CONCLUSION**

We reverse the trial court's order denying Izaguirre's motion to dismiss and remand the case to the trial court to order dismissal of Aguilar's suit and for further proceedings relating to Izaguirre's attorney's fees, costs, and expenses.


JAIME TIJERINA
Justice


Delivered and filed on the
25th day of February, 2021.